# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

**ERIC PARENTEAU**                                    **CIVIL ACTION**

**VERSUS**                                                    **NO. 22-4350-WBV-KWR**

**JEREMY JUSTUS, ET AL.**                          **SECTION: D (4)**

## ORDER AND REASONS

For the reasons stated below, the Court finds that it lacks subject matter jurisdiction over this case under 28 U.S.C. § 1332, and the matter is **REMANDED** to the 22nd Judicial District Court for St. Tammany Parish, Louisiana.

### I.       FACTUAL AND PROCEDURAL HISTORY

On or about September 6, 2022, Eric Parenteau ("Plaintiff") filed a Petition for Damages in the 22nd Judicial District Court for the Parish of St. Tammany, Louisiana, against Jeremy Justus ("Justus"), Town of Carnegie, and Oklahoma Municipal Assurance Group d/b/a OMAG ("OMAG") (collectively, "Defendants") for damages stemming from a motor vehicle accident.[1]  Plaintiff alleges that on or about September 7, 2021, his vehicle was at a complete stop in the left lane of US 190 in St. Tammany Parish due to traffic, when suddenly and without warning he was rear-ended by a vehicle operated by Justus and owned by the Town of Carnegie.[2]  Plaintiff alleges that at the time of the accident, OMAG had issued a public liability policy to

---

[1] R. Doc. 1-1.
[2] *Id.* at ¶ 5.

the Town of Carnegie, which insured the vehicle Justus was driving.[3]  Plaintiff
asserts that as a result of the accident, he suffered "severe personal injuries,"
including "personal injuries to his neck, back, spine, along with other parts of his
mind and body, causing him to suffer and continue to suffer severe physical and
mental pain and disability."[4]  Plaintiff seeks damages for past and future medical
expenses, past and future physical pain and suffering, past and future mental pain
and anguish, physical disability, loss of enjoyment of life, past and future lost wages
and loss of earning capacity, "diminution in value," and other damages that may be
proven at trial.[5]  Plaintiff further alleges that, "the amount in controversy exceeds
that which is required for a trial by jury, and he desires a trial by jury on all issues."[6]

Defendants removed the case to this Court on November 1, 2022 based upon
28 U.S.C. § 1332, diversity jurisdiction.[7]  Defendants, however, failed to adequately
allege their own citizenship in the Notice of Removal, and failed to establish by a
preponderance of evidence that the amount in controversy was met.  In the Notice of
Removal, Defendants alleged that it was facially apparent from the state court
Petition that the jurisdictional threshold was met based upon "Plaintiff's assertion in
his Petition for Damages combined with his description of damages."[8]

Because it was unclear to the Court whether Defendants had satisfied their
burden of establishing complete diversity between the parties and that the amount

---

[3] *Id*. at ¶ 8.
[4] *Id*. at ¶¶ 6 & 10.
[5] *Id*. at ¶ 11.
[6] *Id*. at ¶ 12.
[7] R. Doc. 1 at Introductory Paragraph and ¶ 12.
[8] *Id*. at ¶¶ 8-11.

in controversy is likely to exceed $75,000, the Court issued an Order *sua sponte* on November 9, 2022, giving Defendants seven days to file a comprehensive amended notice of removal setting forth the citizenship particulars and the amount in controversy, as required to establish that the Court has diversity jurisdiction over this case.[9]  In the Order, the Court specifically advised Defendants that it is cognizant of the Fifth Circuit's ruling in *Gebbia v. Wal-Mart Stores, Inc.*, but directed Defendants' attention to a recent decision in which another Section of this Court held that, "Defendant's focus on Plaintiff's vague allegation of 'permanent disability' and loss of earning capacity in her petition is insufficient to carry its burden of proof to justify removal."[10]

Pursuant to the Court's November 9, 2022 Order, Defendants filed an Amended Notice of Removal on November 16, 2022.[11]  While the Amended Notice of Removal adequately alleged the citizenship of Plaintiff, Justus, and the Town of Carnegie, it failed to adequately allege the citizenship of OMAG, as there was no allegation regarding what form of entity OMAG is.[12]  Addressing the amount in controversy, Defendants again asserted that it was facially apparent from the Petition that the amount in controversy is satisfied "based on Plaintiff's allegations in his Petition for Damages combined with his description of his 'severe' physical and mental damages and disabilities."[13]

---

[9] R. Doc. 4.
[10] *Id*. at p. 2, n.6 (citing *Gebbia*, 233 F.3d 880 (5th Cir. 2000); *Sims v. Family Dollar Stores of Louisiana, Inc.*, Civ. A. No. 18-8616, 2019 WL 140853, at *2 (E.D. La. Jan. 8, 2019) (Milazzo, J.)).
[11] R. Doc. 5.
[12] *Id*. at ¶¶ 4-7.
[13] *Id*. at ¶¶ 9-11.

After reviewing the Amended Notice of Removal, it remained unclear to the Court whether Defendants had satisfied their burden of establishing complete diversity between the parties and that the amount in controversy is likely to exceed $75,000. As such, the Court issued another Order *sua sponte* on November 23, 2022, striking the Amended Notice of Removal from the record and giving Defendants five days to file a comprehensive amended notice of removal setting forth the citizenship particulars and the amount in controversy as required to establish that the Court has diversity jurisdiction over this case.[14] This time, the Court specifically instructed that, "Defendants must identify what <u>form</u> of entity Oklahoma Municipal Assurance Group is, and then must properly allege the citizenship of that entity."[15] In a footnote, the Court again directed the Defendants' attention to the decision in *Sims v. Family Dollar Stores of Louisiana, Inc.*, wherein another Section of this Court held that a plaintiff's vague allegation of a permanent disability and loss of earning capacity was insufficient to satisfy the removing defendant's burden of proof to justify removal.[16]

Pursuant to the Court's November 23, 2022 Order, Defendants filed a Second Amended Notice of Removal on November 28, 2022.[17] The Second Amended Notice of Removal, however, again failed to adequately allege the citizenship of OMAG. Like the prior Amended Notice of Removal, Defendants failed to allege what form of entity OMAG is, alleging only that it is "an insurance company organized and existing under

---

[14] R. Doc. 11.
[15] *Id*. at p. 1.
[16] *Id*. at p. 2, n. 9 (citing *Sims*, Civ. A. No. 18-8616, 2019 WL 140853, at *2 (E.D. La. Jan. 8, 2019)).
[17] R. Doc. 12.

the laws of Oklahoma and headquartered in Edmond, Oklahoma."[18]  As to the amount in controversy, Defendants again alleged that it was facially apparent from the Petition that the amount in controversy was met based upon Plaintiff's allegations and the description of his "severe" physical and mental damages and disabilities.[19] Defendants further alleged that the amount in controversy was met because "Louisiana courts have affirmed upwards of $75,000.00 in just general damages for injuries similar to those allegedly sustained by Plaintiff."[20]  Relying on those cases, Defendants asserted that, "it is clear that Plaintiff's alleged damages exceed the jurisdictional limit of $75,000.00 based upon his allegedly severe and permanent injuries and disabilities."[21]

Because it remained unclear to the Court whether Defendants had satisfied their burden of establishing complete diversity between the parties and that the amount in controversy is likely to exceed $75,000, the Court issued a third Order *sua sponte* on November 29, 2022, striking the Second Amended Notice of Removal from the record and giving Defendants three days to file a comprehensive amended notice of removal setting forth the citizenship particulars and the amount in controversy as required to establish that the Court has diversity jurisdiction over this case.[22]  The Court again advised Defendants that, "**Defendants must identify what *form of***

---

[18] *Id*. at ¶ 5.

[19] *Id*. at ¶¶ 9- 11.

[20] *Id*. at ¶ 11 (citing *Manieri v. CR England, Inc.*, Civ. A. No. 19-2805, 2019 WL 2022535, at *4 (E.D. La. May 8, 2019) (Feldman, J.)  (citing *Hebert v. Boesch*, 2015-1791 (La. App. 1 Cir. 6/3/16), 194 So.3d 798; *Strother v. Continental Cas. Ins. Co.*, 2005-1094 (La. App. 3 Cir. 11/22/06), 944 So.2d 774; *Smith v. Goetzman*, 97-0968 (La. App. 1 Cir. 9/25/98), 720 So.2d 39; *Lock v. Young*, 42-703 (La. App. 2 Cir. 12/12/07), 973 So.2d 831)).

[21] R. Doc. 12 at ¶ 11.

[22] R. Doc. 13.

<u>entity **Oklahoma Municipal Assurance Group is, and then must properly allege the citizenship of that entity**</u>."[23]  The Court further advised Defendants that the cases cited in the Second Amended Notice of Removal to support Defendants' allegations regarding the amount in controversy are distinguishable from the facts of this case.  Specifically, the Court pointed out that all of the cases cited by Defendants involve a plaintiff who had suffered either a bulging disc or a cervical or lumbar strain, and that there is no allegation in this case that Plaintiff has suffered a bulging disc or lumbar strain as a result of the underlying accident.[24]

Pursuant to the Court's November 29, 2022 Order, Defendants filed a Third Amended Notice of Removal on December 2, 2022.[25]  Regarding OMAG's citizenship, Defendants alleged that:

> Defendant Oklahoma Municipal Assurance Group ("OMAG") is an agency of Oklahoma municipalities formed pursuant to the Oklahoma Interlocal Cooperation Act, Okla. Stat. tit. 74, §§ 1001-1008.  OMAG's members and customers are exclusively Oklahoma municipalities.  Therefore, OMAG has the citizenship of its members and is an Oklahoma citizen.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990) (holding that to determine the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entity's members); *Moor v. Alameda County*, 411 U.S. 693 (1973) (holding that political subdivision of a state is a "citizen" of the state for diversity jurisdiction purposes unless it is simply the arm or alter ego of the state); *Williams v. Clay Cnty. Police Dep't*, No. 10-cv-2658-EFM, 2011 WL 2294257, at *2 (D. Kan. June 8, 2011) ("Municipal subdivisions

---

[23] *Id*. at p. 1 (emphasis in original).
[24] *Id*. at p. 2 (*citing* R. Docs. 1-1 & 12).
[25] R. Doc. 14.

of state, such as counties, cities, towns or school districts, having separate corporate entities, are citizens for the purposes of diversity").[26]

Turning to the amount in controversy, Defendants relied upon the same allegations and the same cases cited in its Second Amended Notice of Removal and again asserted that, "it is clear that Plaintiff's alleged damages exceed the jurisdictional limit of $75,000.00 based upon his allegedly severe and permanent injuries and disabilities."[27]

The Court, again finding Defendants' allegations insufficient to show that the Court has diversity jurisdiction in this case, issued an Order on December 2, 2022 setting a telephone status conference with counsel to discuss the Third Amended Notice of Removal.[28]  During the telephone status conference on December 6, 2022, the Court advised defense counsel that the citizenship allegations regarding OMAG remained insufficient under Fifth Circuit precedent, and again instructed counsel that Defendants need to identity what form of entity OMAG is and then must properly allege the citizenship of that entity.[29]  The Court also advised counsel that the Third Amended Notice of Removal remained deficient as to the allegations regarding the amount in controversy because Defendants had failed to provide the Court with any additional information regarding the amount in dispute.[30]  As such, the Court issued an oral Order, striking the Third Amended Notice of Removal from the record and giving Defendants additional time to file an amended notice of removal

---

[26] *Id*. at ¶ 5.
[27] *Id*. at ¶¶ 9-11.
[28] R. Doc. 15.
[29] R. Doc. 16 at p. 1.
[30] *Id*. at p. 2.

that adequately alleges the citizenship of the parties and the amount in controversy, as required by 28 U.S.C. § 1332.[31]   The Court advised that failure to provide additional evidence to support the amount in controversy would result in the remand of this matter to state court.[32]

When Defendants failed to file an amended notice of removal by the aforementioned deadline, the Court issued an Order to Show Cause setting a telephone show cause hearing for 2:00 p.m. on December 16, 2022.[33]   Thereafter, defense counsel called the undersigned's chambers and sent a follow-up email to the Court, confirming that Defendants concede that they do not have any summary judgment-type evidence to establish the amount in controversy for diversity jurisdiction under 28 U.S.C. § 1332, and therefore they consent to the remand of this case to state court.  Defense counsel further explained that, following the December 6, 2022 telephone conference, Defendants understood that the case would be automatically remanded if Defendants did not file another amended notice of removal, and apologized for any misunderstanding and inconvenience caused. The Court accepts counsel's sincere explanation.

As of the date of this Order, no amended notice of removal has been filed.

## II.   LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[34]   When original

---

[31] *Id.*
[32] *Id.*
[33] R. Doc. 17.
[34] 28 U.S.C. § 1441(a).

jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[35]  Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[36]  The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand.[37]  The removing party has the burden of proving federal diversity jurisdiction.[38]  If a defendant meets that burden, the plaintiff must prove to a legal certainty that her recovery will not exceed the jurisdictional amount to obtain a remand.[39]

In Louisiana courts, plaintiffs may not specify the numerical value of a claim for damages and may receive relief not requested in the pleadings.[40]  As such, a defendant seeking removal from Louisiana state court to federal court must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[41] According to the Fifth Circuit, a defendant may make this showing in either of two ways: (1) by demonstrating that it is "facially apparent" that the claims are likely above $75,000; or (2) by setting forth the facts in controversy – preferably in the

---

[35] 28 U.S.C. § 1332(a)-(a)(1).
[36] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").
[37] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).
[38] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003).
[39] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).
[40] *Lottinger v. State Farm Fire and Cas. Co.*, Civ. A. No. 13-6193, 2014 WL 4403440, at *2 (E.D. La. Sept. 5, 2014) (Brown, J.) (*citing* La. Code Civ. P. arts. 893 & 862).
[41] *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

removal petition, but sometimes by affidavit – that support a finding of the requisite amount.[42]  If it is not "facially apparent" that a plaintiff's claims exceed the jurisdictional threshold, the court may rely on summary-judgment-type evidence to ascertain the amount in controversy.[43]

Remand is proper if at any time the court lacks subject matter jurisdiction.[44] Additionally, "federal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction *sua sponte* if not raised by the parties."[45] "Though a court may not *sua sponte* remand a case for procedural defects, § 1447(c) makes clear that a court must remand a case if it determines that it lacks subject matter jurisdiction."[46]

### III.    ANALYSIS

Applying the foregoing principles to the Third Amended Notice of Removal, which has been stricken from the record,[47] the Court finds that Defendants have failed to show by a preponderance of the evidence that the Court has diversity jurisdiction over this case.  Because Plaintiff's state court Petition for Damages does not allege a specific amount of damages,[48] Defendants must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in this case.  The

---

[42] *Luckett*, 171 F.3d at 298 (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)) (internal quotation marks omitted).
[43] *Lottinger*, Civ. A. No. 13-6193, 2014 WL 4403440 at *2 (quoting *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003)) (internal quotation marks omitted).
[44] *See*, 28 U.S.C. § 1447(c).
[45] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).
[46] *Harrison v. Crowley Maritime Corporation*, 181 F. Supp. 3d 441, 443 (S.D. Tex. 2016) (citing *Coleman v. Alcolac, Inc.*, 888 F. Supp. 1388, 1394 (S.D. Tex. 1995)).
[47] R. Docs. 14 & 16.
[48] *See, generally*, R. Doc. 1-1.

Court looks first to the face of the Petition to determine whether the amount in controversy is facially apparent.  In the Petition, Plaintiff alleges that he sustained "severe personal injuries," including "personal injuries to his neck, back, spine, along with other parts of his mind and body, causing him to suffer and continue to suffer severe physical and mental pain and disability," [49] but Plaintiff provides no information concerning the nature or extent of those injuries.  Plaintiff also seeks several categories of damages, including past and future medical expenses, past and future physical pain and suffering, past and future mental pain and anguish, physical disability, loss of enjoyment of life, past and future lost wages and loss of earning capacity, "diminution in value," and other damages that may be proven at trial.[50]  As stated in the Court's Orders issued on November 9, 2022[51] and November 23, 2022,[52] however, the Petition gives no indication of the amount in controversy related to Plaintiff's alleged damages.

It is well-settled in this Circuit that pleading general categories of damages, such as pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc., without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the facially apparent test.[53]

---

[49] R. Doc. 1-1 at ¶¶ 6 & 10.

[50] *Id.* at ¶ 11.

[51] R. Doc. 4.

[52] R. Doc. 11.

[53] *See, Despanza v. Capital Motor Lines*, Civ. A. No. 22-413, 2022 WL 2384119, at *5 (E.D. La. July 1, 2022) (Vitter, J.) (citing *Dunomes v. Trinity Marine Products, Inc.*, Civ. A. No. 14-1968, 2014 WL 7240158, at *3-4 (E.D. La. Dec. 19, 2014) (Wilkinson, M.J.) (citing authority)); *Lewis v. Mountain Laurel Assurance Company*, Civ. A. No. 19-12634, 2020 WL 859507, at *2 (E.D. La. Feb. 21, 2020) (Milazzo, J.) (citing *Sims v. Family Dollar Stores of Louisiana, Inc.*, Civ. A. No. 18-8616, 2019 WL

Additionally, and as the Court pointed out in its November 29, 2022 Order,[54] all of the cases cited by Defendants to support their position that it is facially apparent from the Petition that the amount in controversy is met involve allegations of bulging discs or cervical and lumbar strains, which is not alleged in Plaintiff's Petition.[55] Additionally, Plaintiff did not allege that his injuries have required or likely will require surgery. The Court points out that, "The burden on Defendants 'to produce information' that the amount in controversy exceeds $75,000 is an 'affirmative' one."[56] Here, Defendants have failed to submit any summary-judgment evidence to show that Plaintiff's damages are likely to exceed $75,000. Further, in an email sent to the Court on December 13, 2022, defense counsel confirmed that Defendants do not have any summary judgment-type evidence to establish the amount in controversy for diversity jurisdiction and, therefore, consent to the remand of this case. Accordingly,

---

140853, at *2 (E.D. La. Jan. 8, 2019)). *See also, Talbert v. Indian Harbor Ins. Co.*, Civ. A. No. 21-850, 2021 WL 2177580, at *3 (E.D. La. May 28, 2021) (Vitter, J.) (citing *Lewis*, Civ. A. No. 19-12634, 2020 WL 859507 at *2; *Sims*, Civ. A. No. 18-8616, 2019 WL 140853 at *2).

[54] R. Doc. 13.

[55] *See*, R. Doc. 1-1; R. Doc. 12 at ¶ 11; R. Doc. 14 at ¶ 11. *See also, Manieri v. CR England, Inc.*, Civ. A. No. 19-2805, 2019 WL 2022535, at *4 (E.D. La. May 8, 2019) (denying motion to remand and finding that the amount in controversy was met where plaintiff was diagnosed with accident-related cervical disc bulges and lumbar disc degeneration, was declared a surgical candidate, and planned to move forward with cervical epidural steroid injections to treat her ongoing neck pain); *Hebert v. Boesch*, 2015-1791 (La. App. 1 Cir. 6/3/16), 194 So.3d 798 (affirming general damages award of $75,000 where plaintiff was involved in rear-end automobile accident in which he sustained injuries to his neck, back, shoulders, chest, and shins, and where MRI scans revealed two disc bulges at C6-7 and L4-5); *Strother v. Continental Cas. Ins. Co.*, 2005-1094 (La. App. 3 Cir. 11/22/06), 944 So.2d 774 (affirming general damages award of $144,000 where plaintiff was diagnosed with a cervical and lumbar strain due to an automobile accident); *Smith v. Goetzman*, 97-0968 (La. App. 1 Cir. 9/25/98), 720 So.2d 39 (affirming general damages award of $80,000 where plaintiff suffered a moderate disc bulge at the L4-5 level and the possibility of a slight disc bulge at the L5-S1 level); *Lock v. Young*, 42-703 (La. App. 2 Cir. 12/12/07), 973 So.2d 831 (reducing award of $150,000 in general damages for two bulging discs to $75,000).

[56] *Hill v. Alford*, Civ. A. No. 17-15737, 2018 WL 798243, at *4 (E.D. La. Feb. 9, 2018) (Brown, J.) (citing *Simon v. Wal-Mart*, 193 F.3d 848, 851 (5th Cir. 1999) (holding that defendant "had an affirmative burden to produce information . . . sufficient to show by a preponderance of the evidence that the amount in controversy exceeded $75,000.")).

the Court finds that Defendants have not satisfied their burden to establish, by a preponderance, that the amount in controversy likely exceeds $75,000, exclusive of interest and costs.

The Court further finds that Defendants have failed to satisfy their burden of proving that the parties in this case are completely diverse.  During the telephone status conference held on December 6, 2022, the Court advised defense counsel that OMAG's citizenship allegations in the Third Amended Notice of Removal were insufficient because Defendants failed to allege what form of entity OMAG is, and seemed to suggest that it was either an unincorporated association *or* a political or municipal subdivision.[57]  As previously mentioned, Defendants chose not to file a subsequent amended notice of removal after the Court struck the Third Amended Notice of Removal from the record.  The Court therefore finds that Defendants have failed to carry their burden of proof to demonstrate that the parties are completely diverse in this case.  Accordingly, remand of this action is warranted.

**IV.     CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that this matter is **REMANDED** to the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

New Orleans, Louisiana, January 9, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[57] R. Doc. 16.  *See*, R. Doc. 14 at ¶ 5.